UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IRON MOUNTAIN (NEDERLAND) DATA CENTRE GERMANY B.V., <br><br> Plaintiff, <br> v. <br><br> WSP USA BUILDINGS, INC. f/k/a KW MISSION CRITICAL ENGINEERING, DPC, <br><br> Defendant. | Civil Action No. 1:23-cv-2858 <br><br> So Ordered. <br><br> Dated: January 16, 2024 <br> New York, New York <br><br> *[signature]* <br> **LORNA G. SCHOFIELD** <br> **UNITED STATES DISTRICT JUDGE** |
| WSP USA BUILDINGS, INC. f/k/a KW MISSION CRITICAL ENGINEERING, DPC, <br><br> Third-Party Plaintiff, <br> v. <br><br> AECOM LTD., AECOM INFRASTRUCTURE & ENVIRONMENT UK LTD., and TTSP HWP PLANUNGSGESELLSCHAFT MBH, <br><br> Third-Party Defendants. | |

**STIPULATED PROTECTIVE ORDER**

IT IS HEREBY STIPULATED by and between Plaintiff Iron Mountain (Nederland) Data Centre Germany B.V., Defendant-Third-Party Plaintiff WSP USA Inc. *f/k/a* kW Mission Critical Engineering, dpc, and Third-Party Defendants AECOM Ltd., AECOM Infrastructure & Environment UK Ltd., and TTSP HWP Planungsgesellschaft mpH (collectively "the Parties") through their respective attorneys of record, as follows:

WHEREAS, documents and information have been and may be sought, produced or exhibited by and among the parties to this action relating to trade secrets, confidential research, development, technology or other commercial or proprietary information belonging to Iron

the Parties and which must be protected in order to preserve legitimate business interests and privileges of the Parties ("Protected Information");

WHEREAS, good cause exists for entry of this Stipulated Protective Order ("Order") to protect against the improper disclosure, revelation or use of Protected Information produced or disclosed in this action and to specify the terms of any revelation. The Parties therefore stipulate and agree, and petition the Court to approve, that the terms and conditions of this Order shall govern the handling of Protected Information, including without limitation, that which is contained in documents, ESI, depositions, pleadings, exhibits, responses to discovery and all other information and material exchanged by the Parties in this action, or provided by or obtained from non-parties (collectively, "Discovery Material"). In this Order, the term "person" means any natural person or any business, legal or other entity.

THEREFORE, an Order of this Court protecting such confidential information shall be and hereby is made by this Court on the following terms:

1. This Order shall govern the use, handling and disclosure of all Discovery Material produced or given in this action which are designated to be subject to this Order in accordance with the terms hereof. This Order shall apply regardless of whether information subject to this Order was produced prior to or after entry of this Order.

2. Any party or non-party producing or filing documents or other materials in this action (the "Producing Party") may designate such materials and the information contained therein subject to this Order as "Confidential" or "Highly Confidential—Attorneys' Eyes Only." Those persons receiving any documents from the Producing Party shall be referred to as the "Receiving Party." Any Party issuing a subpoena to a non-party shall enclose a copy of this Order and notify the non-party that the protections of this Order are available to such non-party.

3. A Producing Party may designate any Discovery Material as "Confidential" or "Highly Confidential—Attorneys' Eyes Only" (collectively referred to herein as "Protected Discovery Material"), under the terms of this Order, if the Producing Party reasonably believes in good faith that such Discovery Material, produced by a Party or non-party, contains Protected Information, including nonpublic, confidential, personal, business, strategic, proprietary, financial, or commercially sensitive information requiring the protections of this Order.

4. Information and documents that may be designated as "Confidential" include, but are not limited to, trade secrets, confidential or proprietary financial, development, or research information, operational data, business plans, and competitive analyses, personnel files, personal information that is protected by law, and other sensitive information that, if not restricted as set forth in this Order, may subject the producing or disclosing person to competitive or financial injury or potential legal liability to third parties.

5. Discovery Material identified as "Confidential" may be disclosed, summarized, described, characterized, or otherwise communicated or made available in whole or in part only to the following persons for use in accordance with this Order:

    A. The Parties and the directors, officers, employees, investment managers, general partners of the Parties, and the insurance carriers of the Parties;

    B. Counsel who represent Parties in this action (including in-house counsel), and the partners, associates, paralegals, clerical, regular and temporary employees, and service vendors of such counsel (including outside copying and litigation support services);

    C. Experts or consultants, investigators, advisors and service vendors (including outside copying and support services) assisting with this action, only to the extent reasonably necessary to prepare a written opinion, testify, or assist counsel in this

action, provided that such individuals sign an undertaking in the form attached as Exhibit A;

    D. Witnesses from whom testimony is taken or to be taken in the action, and their counsel, only to the extent reasonably necessary to conduct or prepare for the depositions or testimony, and provided that counsel for the Receiving Party has a good faith belief that the testimony taken or intended to be taken is reasonably related to the Discovery Material designated as "Confidential." These witnesses may not retain documents designated as "Confidential;"

    E. Any person indicated on the face of a document or an accompanying communication to be the author, addressee, or an actual or intended recipient of the document or, in the case of meeting minutes and presentations, an attendee of the meeting;

    F. The jury, the Court, persons employed by the Court, and court reporters transcribing any hearing, trial, or deposition in the action or any appeal therefrom; and

    G. Any other person only upon (i) order of the Court entered on notice to the Parties, or (ii) upon written stipulation of, or statement on the record by, the Producing Party who provided the Discovery Material being disclosed. The Court may order, or the Producing Party may allow, any disclosure pursuant to this subparagraph subject to the condition that such person signs an undertaking in the form attached as Exhibit A.

6. If a party believes in good faith that, despite the provisions of this Order, there is a substantial risk of irreparable harm that cannot be avoided if particular documents it designates as "Confidential" are disclosed to other parties or non-parties to this action, the producing party may designate those particular documents as "Highly Confidential—Attorneys' Eyes Only" or "AEO," for short. It is understood by the Parties that such designations are to be exceedingly uncommon.

      a)      Documents marked "Highly Confidential—Attorneys' Eyes Only" receive the same protections as "Confidential" information, but is further limited in how it may be used or disseminated. All information designated as "Highly Confidential—Attorneys' Eyes Only" shall be used solely for the purpose of this action, and no person receiving such information shall, directly or indirectly, use, transfer, disclose, or communicate in any way the information to any person other than those specified in subparagraph 6(b). Any other use is prohibited.

      b)      Access to any "Highly Confidential—Attorneys' Eyes Only" information shall be limited to: (1) the receiving party's counsel in this action, as well as employees of said counsel to whom it is reasonably necessary to disclose the information for this litigation; (2) experts specifically retained as consultants or expert witnesses in connection with this litigation who have signed the "Declaration of Compliance" (**Exhibit A**); (3) the author or recipient of the document designated as "Highly Confidential—Attorneys' Eyes Only;" (4) the Court and its personnel; (5) court reporters, their staffs, and professional vendors to whom disclosure is reasonably necessary for this litigation; and (6) other persons agreed to in writing by the Parties. In no case shall information designated "Highly Confidential—Attorneys' Eyes Only" or any information contained in, or derived from any such materials, be disclosed to any attorney whose office or firm has not entered an appearance in this lawsuit.

      c)      At the time of production, if only a portion of a document is designated as "Highly Confidential—Attorneys' Eyes Only," the producing party shall also provide a separate copy of the document in which the information qualifying as "Highly Confidential—Attorneys' Eyes Only" is redacted and the remainder of the document is designated as "Confidential." For example, if a price mentioned in an e-mail were determined to qualify as "Highly Confidential—Attorneys' Eyes Only," the producing party would simultaneously produce two documents: (i) a document designated as "Confidential" which redacts only the price; and (ii) a document which carries the "Highly Confidential—Attorneys' Eyes Only" designation and the price term is not redacted. The Bates numbers for these two documents should be the same, except that the "Highly Confidential—Attorneys' Eyes Only" version of the document shall contain the suffix "AEO" at the end of the Bates identification.

7.      The designation of Discovery Material as Protected Discovery Material shall be made in the following manner:

      A.      In the case of documents or other materials (apart from depositions or other pretrial testimony): (i) by affixing the legend "Confidential" or "Attorneys' Eyes Only" (as may be appropriate) to each page of each document containing Protected Discovery Material; or (ii) in the case of ESI produced in native format or when producing documents that are non-TIFFable, by including the "Confidential" or "Attorneys' Eyes Only" brand

on the placeholder of the produced file. In the load file, the "Confidentiality Designation" field (indicating "Confidential," "Attorneys' Eyes Only," or no designation for each document) should be populated.

   B. In the case of depositions or other pretrial testimony: (i) by a statement on the record, by counsel, at the time of such disclosure or before the conclusion of the deposition or testimony; or (ii) by written notice of designation of Protected Discovery Material (i.e. "Confidential" or "AEO"), sent to all Parties within thirty (30) business days of the earlier of the receipt by counsel of the rough or final transcript. During that 30-day period, all depositions and other pretrial testimony will be deemed Protected Discovery, with the exception that the deponent may review the transcript of his or her own deposition. If all or part of a videotaped deposition is designated as Protected Discovery Material, the DVD or video file shall be clearly labeled as such in a manner intended to respect the Protected Information. The Parties may modify this procedure for any particular deposition or other pretrial testimony through agreement on the record during the testimony or within the 30-day period thereafter.

   C. In the case of any other Discovery Material, by written notice that the Discovery Material constitutes Protected Discovery Material.

   D. As to all Protected Discovery Material, unless "AEO" is specified, the default classification is "Confidential."

8. To the extent any motions, briefs, pleadings, deposition transcripts, or other papers to be filed with the Court incorporate documents or information subject to this Order, the party filing such papers shall designate such materials, or portions thereof, as "Confidential" or "Confidential—Attorneys' Eyes Only," and shall file them with the clerk under seal; provided,

however, that a copy of such filing having the confidential information deleted therefrom may be made part of the public record. The Parties acknowledge that documents may be filed under seal only as provided in Judge Schofield's Rule I.D.3.

9. All documents, transcripts, or other materials subject to this Order, and all information derived therefrom (including, but not limited to, all testimony given in a deposition, declaration or otherwise, that refers, reflects or otherwise discusses any information designated "Confidential" or "Highly Confidential—Attorneys' Eyes Only" hereunder), shall not be used, directly or indirectly, by any party or non-party, for any business, commercial or competitive purposes or for any purpose whatsoever other than solely for the preparation for and trial of this action in accordance with the provisions of this Order.

10. All persons receiving any or all documents produced pursuant to this Order shall be advised of their confidential nature and shall be advised that the information is being disclosed pursuant and subject to the terms of this Order and that the Discovery Material may not be disclosed or used for purposes other than those permitted hereunder. All persons to whom confidential information and/or documents are disclosed are hereby enjoined from disclosing same to any person except as provided herein, and are further enjoined from using same except in the preparation for and trial of the above-captioned action between the named parties thereto. No person receiving or reviewing such confidential documents, information or transcript shall disseminate or disclose them to any person other than those described above in Paragraphs 5 and 6, as applicable, and for the purposes specified, and in no event shall such person make any other use of such document or transcript. Each person receiving any Discovery Material shall maintain the Discovery Material, or information derived therefrom, in a manner reasonably calculated to prevent unauthorized disclosure.

11. Nothing in this Order shall prevent a party from using at a deposition or at trial in this case any information or materials designated "Confidential" or "Highly Confidential—Attorneys' Eyes Only."

12. This Order has been agreed to by the parties to facilitate discovery and the production of relevant evidence in this action. Neither the entry of this Order, nor the designation of any information, document, or the like as "Confidential" or "Highly Confidential—Attorneys' Eyes Only," nor the failure to make such designation, shall constitute evidence with respect to any issue in this action.

13. Inadvertent failure to redact or designate Discovery Material as Protected Discovery Material in accordance with this Order shall not constitute a waiver of such claim and may be corrected as set forth herein. Any party or non-party who inadvertently fails to identify documents as "Confidential" or "Highly Confidential—Attorneys' Eyes Only" shall, within fourteen (14) days, upon discovery of its oversight, provide written notice of the error and substitute appropriately designated information. Any party receiving such improperly designated information shall retrieve such information from persons not entitled to receive that information and, upon receipt of the substitute information, shall return or destroy the improperly designated information.

14. If the Receiving Party receives a subpoena or other compulsory process that requires the production or other disclosure of Protected Discovery Material produced or designated as such by a Producing Party other than the Receiving Party (collectively, a "Demand"), the Receiving Party shall give written notice (by email and first-class mail) to the Producing Party reasonably in advance of such required production or disclosure, identifying the Protected Discovery Material at issue and enclosing a copy of the Demand. Further, the Receiving Party

must object to the production of Protected Discovery Material on the grounds of the existence of this Order. The burden of opposing the enforcement of the Demand will fall on the Producing Party. Nothing herein shall be construed as requiring the Receiving Party or anyone else covered by this Order to challenge or appeal any order in response to the objection which requires production of Protected Discovery Material covered by this Order, or to subject itself to any penalties for noncompliance with any legal process or order, or to seek any relief from the Court. Compliance by the Receiving Party with any order directing production pursuant to a Demand of any Protected Discovery Material will not constitute a violation of this Order.

15. In the event additional parties join or are joined in the action, they shall not have access to Protected Discovery Material until the newly joined party acknowledges that it is bound by this Order.

16. Within sixty (60) days after the final termination of this litigation, including any appeal, all documents, transcripts, or other materials afforded confidential treatment pursuant to this Order, including any extracts, summaries or compilations taken therefrom, but excluding any materials which in the good faith judgment of counsel are work product materials, shall be returned to the Producing Party or destroyed by the Receiving Party with written notice to counsel for the Producing Party of such destruction.

17. In the event that any party to this litigation disagrees at any point in these proceedings with any designation made under this Protective Order, the parties shall first try to resolve such dispute in good faith on an informal basis in accordance with the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the Southern District of New York.  If the dispute cannot be resolved, the designating party may seek appropriate relief from this Court.  During the pendency of any challenge to the designation of a document or

information, the designated document or information shall continue to be treated as "Confidential" or "Highly Confidential—Attorneys' Eyes Only" subject to the provisions of this Protective Order.

18. Nothing herein shall affect or restrict the rights of any party with respect to its own documents or to the information obtained or developed independently of documents, transcripts and materials afforded confidential treatment pursuant to this Order.

19. The obligations imposed by this Order shall survive the termination of this action and this Court shall retain jurisdiction of this action after its conclusion for the purpose of enforcing the terms of the Order.

20. No action taken in accordance with the Order shall be construed as a waiver of any claim or defense in the action or of any position as to discoverability or admissibility of evidence.

21. The Parties acknowledge that the Court retains discretion as to whether, in Orders and Opinions, to afford confidential treatment to information that the Parties have redacted, sealed or designated as confidential.

Respectfully submitted,

KING & SPALDING LLP
*/s/ Matthew Vandenberg*
Kyle J. Maury
Mike Stenglein
Matthew Vandenberg
500 West 2nd Street, Suite 1800
Austin, TX 78701

kmaury@kslaw.com
mstenglein@kslaw.com
mvandenberg@kslaw.com

Richard T. Marooney, Jr.
1185 Avenue of the Americas
New York, NY 10036
rmarooney@kslaw.com

*Counsel for Plaintiff Iron Mountain (Nederland) Data Centre Germany B.V.*

GOLDBERG SEGALLA, LLP
*/s/ Matthew Gumaer*
Christopher J. Belter
665 Main Street, Suite 400
Buffalo, NY 14023
cbelter@goldbergsegalla.com

Matthew Gumaer
5786 Widwaters Parkway
Syracuse, NY 13214
mgumaer@goldbergsegalla.com

*Counsel for Defendant-Third-Party Plaintiff WSP USA Buildings, Inc. f/k/a KW Mission Critical Engineering, DPC*

DLA PIPER LLP
*/s/ Joshua Kane*
Kiera S. Gans
Joshua Kane
1251 Avenue of the Americas, 27th Floor
New York, NY 10020
kiera.gans@dlapiper.com
joshua.kane@dlapiper.com

*Counsel for Third-Party Defendants AECOM Ltd. and AECOM Infrastructure & Environment UK Ltd.*

BARNES & THORNBURG LLP
*/s/ Paul Olszowka*
Paul Olszowka
Denise Lazar
1 North Wacker Drive, Suite 4400
Chicago, IL 60606-2833
paul.olszowka@btlaw.com
denise.lazar@btlaw.com

Julia R. Livingston
390 Madison Ave 12th Floor
New York, NY 10017
julia.livingston@btlaw.com

*Counsel for Third-Party-Defendant TTSP HWP Planungsgesellschaft mbH*

**EXHIBIT A**

**DECLARATION OF COMPLIANCE**

I, _____, declare as follows:

1. My address is _____.

2. My present employer is _____.

3. My present occupation or job description is _____.

4. I have received a copy of the Stipulated Protective Order entered in this action on _____, 20___.

5. I have carefully read and understand the provisions of this Stipulated Protective Order.

6. I will comply with all provisions of this Stipulated Protective Order.

7. I will hold in confidence, and will not disclose to anyone not qualified under the Stipulated Protective Order, any information, documents or other materials produced subject to this Stipulated Protective Order.

8. I will use such information, documents or other materials produced subject to this Stipulated Protective Order only for purposes of this present action.

9. Upon termination of this action, or upon request, I will return and deliver all information, documents or other materials produced subject to this Stipulated Protective Order, and all documents or things which I have prepared relating to the information, documents or other materials that are subject to the Stipulated Protective Order, to my counsel in this action, or to counsel for the party by whom I am employed or retained or from whom I received the documents.

10. I hereby submit to the jurisdiction of this Court for the purposes of enforcing the Stipulated Protective Order in this action.

- 2 -

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed this ____ day of _____, 20__, at _____.

_____
QUALIFIED PERSON