UNITED STATE DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IRON MOUNTAIN (NEDERLAND) DATA CENTRE GERMANY B.V., <br><br> Plaintiff, <br><br> vs <br><br> WSP USA BUILDINGS, INC. f/k/a KW MISSION CRITICAL ENGINEERING, DPC, <br><br> Defendant. | **DEFENDANT THIRD-PARTY PLAINTIFF, WSP USA BUILDINGS, INC.'S ANSWER TO THIRD-PARTY DEFENDANT TTSP HWP PLANUNGSGESELLSCHAFT MBH, COUNTERCLAIMS** <br><br> Case No.: 1:23-cv-02858-LGS |
| WSP USA BUILDINGS, INC. f/k/a KW MISSION CRITICAL ENGINEERING, DPC, <br><br> Third-Party Plaintiff, <br><br> v. <br><br> AECOM LTD., and TTSP HWP PLANUNGSGESELLSCHAFT mbH, <br><br> Third-Party Defendant | |

-------------------------------------------------------------------x

Defendant/Third-Party Plaintiff, WSP USA Buildings, Inc., by and through their attorneys, Goldberg Segalla LLP, files this answer in response to the counterclaims asserted by Third-Party Defendant, TTSP HWP PLANUNGSGESELLSCHAFT mbH's ("TTSP") in its Answer with defenses, affirmative defenses and counterclaims filed on February 16, 2024 (ECF Doc. No. 106) as follows:

### RESPONSES TO TTSP'S ALLEGATIONS OF FACT

1. WSP USA Buildings, Inc. ("WSP") admits the allegations contained in paragraph 1.

2. WSP admits the allegations contained in paragraph 2.

3. With respect to paragraph 3, in relation to the project to the issue in the litigation, WSP admits that it acquired all the liabilities of kW Mission Critical.

4. With respect to paragraph 4, WSP admits that, to the extent there is a "correct party" against which to bring TTSP's counterclaims, WSP is the correct party.

5. WSP Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained within paragraph 5.

6. WSP denies all allegations of paragraph 6 in part, on the basis that TTSP solicited engagements from kW concerning the project at issue.

7. WSP denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained within paragraph 7.

8. WSP denies having knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 8.

9. WSP denies having knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 9.

10. WSP admits the allegations contained in paragraph 10.

11. WSP admits the allegations contained in paragraph 11.

12. WSP denies having knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 12.

13. WSP admits the allegations contained in paragraph 13.

14. WSP admits the allegations contained in paragraph 14.

15. WSP denies the allegations contained in paragraph 15.

16. WSP denies the allegations contained in paragraph 16.

17. WSP denies the allegations contained in paragraph 17.

18. WSP denies the allegations contained in paragraph 18.

19. WSP admits the allegations contained in paragraph 19.

20. WSP admits the allegations contained in paragraph 20.

21. WSP denies the allegations contained in paragraph 21.

22. WSP denies having knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 22.

23. WSP denies the allegations contained in paragraph 23.

24. WSP denies the allegations contained in paragraph 24.

25. WSP denies the allegations contained in paragraph 25.

26. WSP denies the allegations contained in paragraph 26.

27. WSP admits the allegations contained in paragraph 27.

28. WSP denies the allegations contained in paragraph 28.

29. WSP denies the allegations contained in paragraph 29.

30. WSP denies the allegations contained in paragraph 30.

31. WSP admits the allegations contained in paragraph 31.

32. WSP denies the allegations contained in paragraph 32.

33. WSP admits that on September 9, 2022, Iron sent a notice of claim to WSP.

34. WSP admits the allegations contained in paragraph 34.

35. WSP admits the allegations contained in paragraph 35.

36  WSP denies having knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 36.

37. WSP denies the allegations contained in paragraph 37.

38. WSP denies having knowledge and information sufficient to form a belief as to the

truth or falsity of the allegations contained in paragraph 38.

39. WSP denies having knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 39.

40. WSP denies having knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 40.

41. With respect to paragraph 41, WSP admits that, on April 5, 2023, Iron Mountain filed a complaint against WSP USA, Inc.

42. WSP denies the allegations contained in paragraph 42.

43. WSP admits the allegations contained in paragraph 43.

44. WSP admits the allegations contained in paragraph 44.

45. WSP admits the allegations contained in paragraph 45.

46. WSP admits the allegations contained in paragraph 46.

47. WSP denies the allegations contained in paragraph 47.

48. WSP denies the allegations contained in paragraph 48.

49. WSP denies the allegations contained in paragraph 49.

50. WSP admits the allegations contained in paragraph 50.

51. WSP denies the allegations contained in paragraph 51.

52. WSP denies the allegations contained in paragraph 52.

53. WSP admits the allegations contained in paragraph 53.

54. WSP denies the allegations contained in paragraph 54.

55. WSP denies the allegations contained in paragraph 55.

56. WSP admits the allegations contained in paragraph 56.

57. WSP denies having knowledge and information sufficient to form a belief as to the

truth or falsity of the allegations contained in paragraph 57.

58. WSP denies having knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 58.

59. WSP denies the allegations contained in paragraph 59.

60-68. WSP avers that no response is required to TTSP's defenses and affirmative defenses recited in paragraphs 60-68 of TTSP's Answer. However, to the extent a response is required, WSP denies the allegations contained therein.

## RESPONSES TO TTSP'S COUNTERCLAIMS

69. WSP denies the allegations contained in paragraph 69.

70. WSP denies the allegations contained in paragraph 70.

71. WSP denies the allegations contained in paragraph 71.

72. WSP denies the allegations contained in paragraph 72.

73. WSP denies the allegations contained in paragraph 73.

74. WSP denies the allegations contained in paragraph 74.

75. WSP denies the allegations contained in paragraph 75.

76. WSP denies the allegations contained in paragraph 76.

77. WSP denies the allegations contained in paragraph 77.

78. WSP denies the allegations contained in paragraph 78.

79. WSP denies the allegations contained in paragraph 79.

80. WSP denies the allegations contained in paragraph 80.

81. WSP denies the allegations contained in paragraph 81.

82. WSP denies the allegations contained in paragraph 82.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

83. One or more of TTSP's counterclaims fails to state a cause of action upon which relief can properly be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

84. Should some or all of WSP's claims be barred due to the failure to its alleged failure to comply the dispute resolution of 17.11 of the Professional Services Agreement, TTSP's counterclaims must similarly be dismissed due to its failure to comply with those same terms.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

85. By virtue of TTSP's voluntarily assertion of its Counterclaims, including its claim for unpaid professional fees, in New York State, and in the District Court of the Southern District on New York in particular, TTSP has assented to the jurisdiction of the Court and waived any objection thereto.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

86. Plaintiff failed to mitigate its claimed damages.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

87. WSP has fulfilled all of its obligations pursuant to the parties' agreement(s), express and implied.

88. TTSP's counterclaims, and any damages related to those causes of action, are barred due to WSP's prior breach of the Professional Services Agreement.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

89. TTSP's claimed damages were caused by its own contractual breaches and culpable conduct, the contractual breaches and culpable conduct of its sub-consultants and/or subcontractors, or both. No damages may be recovered against WSP, or alternatively, any

damages should be reduced in proportion to these breaches by TTSP, its sub-consultants and/or subcontractors.

**WHEREFORE**, judgment is demanded as follows:

1. Dismissing TTSP's counterclaims;

2. Diminishing any damages otherwise recoverable pursuant to TTSP's counterclaims in proportion to the culpable conduct of TTSP; and

3. For such other, further and different relief which may be just, proper and equitable.

Dated: March 8, 2024
Syracuse, New York

GOLDBERG SEGALLA LLP

*/s/ Matthew D. Gumaer*
Matthew D. Gumaer
Bar Roll No. MG8920
5786 Widewaters Parkway
Syracuse, New York 13214
T:  315.413.5400
E:  mgumaer@goldbergsegalla.com

*Attorneys for Third-Party Plaintiff WSP USA Buildings, Inc. f/k/a kW Mission Critical Engineering, DPC*

TO: Julia R. Livingston, Esq.
Paul Olszowka, Esq.
Denise Lazar, Esq. (*Pro Hac Vice*)
BARNES & THORNBURG LLP
390 Madison Ave 12th Floor
New York, NY 10017
T: 646.746.2025
E: julia.livingston@btlaw.com
E: paul.olszowka@btlaw.com
E: denise.lazar@btlaw.com

*Attorneys for Third-Party Defendant TTSP HWP Planungsgesellschaft mbH*

CC:    Joshua Kane, Esq.
       DLA Piper LLP (US)
       1251 Avenue of the Americas
       New York, New York 10020
       Tel.: (212) 335-4587
       E: joshua.kane@us.dlapiper.com

       Kiera Gans, Esq.
       DLA Piper LLP (US)
       1251 Avenue of the Americas
       New York, New York 10020
       Tel.: (212) 335-4587
       E: kiera.gans@us.dlapiper.com

       *Attorneys for Third-Party Defendants*
       *AECOM Limited, AECOM Infrastructure & Environment*
       *UK Limited*

       Michael F. Stenglein, Esq.
       King & Spalding LLP
       500 W. 2nd Street, Suite 1800
       Austin, TX 78701
       mstenglein@kslaw.com

       Matthew Vandenberg, Esq.
       King & Spalding LLP
       401 Congress, Suite 3200
       Austin, TX 78701
       mvandenberg@kslaw.com

       Richard T. Marooney, Jr., Esq.
       King & Spalding LLP
       1185 Avenue of the Americas
       New York, NY 10036
       rmarooney@kslaw.com

       *Attorneys for Plaintiff*
       *Iron Mountain (Nederland) Data*
       *Centre Germany B.V.*