By **March 25, 2024**, all parties shall meet and confer and agree on what discovery remains to be completed and propose dates certain for each item between now and any proposed extended discovery deadlines.  By **March 25, 2024**, the parties shall file a joint letter with their agreed-upon schedule, including but not limited to (i) dates for the completion of document production, (ii) confirmed dates for depositions with each deponent identified by name, title or brief description, except that 30(b)(6) witnesses need not be named, and (iii) deadlines to agree upon all matters pertaining to 30(b)(6) depositions.  The detailed schedule, as approved or modified by the Court, will be "so ordered," meaning that any modification will require court approval.  If further discovery disputes remain, each party shall propose specific orders by the Court to resolve them in the joint letter.  So Ordered.

Dated: March 19, 2024
   New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE

Re:    Case No. 1:23-cv-02858-LG

Dear Judge Schofield:

We represent Defendant/Third-Party Plaintiff WSP USA Buildings, Inc. f/k/a kW Mission Critical Engineering, DPC ("WSP") and write, pursuant to Local Rule 37.2 and the Court's Individual Rules and Procedures for Civil Cases, to respectfully request a pre-motion discovery conference.

The current fact discovery deadline in this matter is April 17th and a significant amount of document disclosure remains outstanding (*see* ECF Doc No. 96).  WSP seeks an order establishing a date certain by which document production will be completed, followed by an adequate time for WSP to review the productions in advance of completing depositions in the matter.  WSP believes that an extension of the fact discovery deadline will be necessary to accomplish this goal.

Plaintiff, Iron Mountain (Nederland) Data Center Germany B.V. ("Iron Mountain") seeks substantial damages for alleged design delays and deficiencies relating to the design and construction of a hyperscale data center in Frankfurt, Germany (the "Project").  WSP, in turn, commenced a third-party action against its principal consultants, AECOM Ltd and AECOM Infrastructure & Environment UK Ltd ("AECOM"), as well as TTSP Planungsgesellschaft mbH ("TTSP"), seeking to recover from them any amounts for which WSP may be found liable to Iron Mountain for their respective scopes of work.

Iron Mountain has asserted broad liability claims against WSP, alleging that WSP's actions/inactions, and those of its sub-consultants, delayed the Project's completion and that there were dozens of design errors and omissions, both of which have resulted in excess of 27 million Euro in damages.  While plaintiff has provided "examples" of the claimed delays and errors/omissions, plaintiff has taken the position that it need not identify each of its specific claims until the expert disclosure phase of the case, after the conclusion of fact discovery.

WSP has served Requests for Production in this matter largely focused on obtaining the other parties' "project files" (documents and correspondence concerning the project) for the Project at issue.  WSP served its First Requests for Production on: 1) Iron Mountain on 6/23/23; 2) on AECOM on 12/20/23; and 3) on TTSP on 12/27/23.  In light of the upcoming fact discovery

**Please send mail to our scanning center at:**

**OFFICE LOCATION** 5786 Widewaters Parkway, Syracuse, NY 13214-1840  |  **PHONE** 315-413-5400  |  **FAX** 315-413-5401  |  www.goldbergsegalla.com
CALIFORNIA | CONNECTICUT | FLORIDA | ILLINOIS | NEW JERSEY | NEW YORK | NORTH CAROLINA | MARYLAND | MISSOURI | PENNSYLVANIA
39840113.v1

March 18, 2024
Page 2

deadline and parties' efforts to schedule remaining the remaining depositions in compliance with the existing April 17, 2024 fact discovery deadline, WSP asked the other parties to identify: 1) when they expected to complete their disclosures; 2) whether, once completed, each party will have disclosed their complete Project files; and 3) the volume of the anticipated disclosures.

### AECOM DISCLOSURE STATUS

To date, AECOM has disclosed 1053 pages of material, out of what seems likely to be hundreds of thousands of pages of project related material. AECOM has advised that it expects its disclosure to be "substantially complete" by the end of March, and has offered to produce witnesses for depositions either between April 3-5, or in early May. AECOM, to date, has not confirmed that, when its production is complete, it will have disclosed its complete project file.

Given the volume of disclosure anticipated from AECOM, coupled with further disclosures anticipated from the other parties, WSP does not believe it will have a reasonable opportunity to review AECOM's anticipated disclosures in advance of the proposed April 3-5 deposition dates[1]. It is WSP's understanding that AECOM does not object to an extension of the existing fact discovery deadline.

### TTSP DISCLOSURE STATUS

TTSP has advised that its document production will be "substantially complete" by the end of March as well. With respect to the question of whether TTSP's project file will have been disclosed by the end of the month, TTSP has advised that its production "will include those documents from the project file that are capable of being readily analyzed and produced in a manner consistent with the ESI protocol (e.g. email, PPT, etc.)" and that "[a]t the conclusion of our production, we will describe the documents in the project file that have not been turned over" and that "[t]hose remaining documents can be made available for inspection at our client's offices" (which are located in Frankfurt, Germany).

TTSP has disclosed 136,043 pages of material to date, the bulk of which (111,057 pages) were disclosed on Friday, March 15, 2024 so, WSP has not yet had an opportunity to review this material. It is unclear to WSP how much additional disclosure will be forthcoming by the end of the month, or how much of TTSP's project file will remain undisclosed at that point in time, which TTSP has proposed to make available for inspection in Frankfurt, Germany.

TTSP has proposed April 4th and 5th for the production of its witness(es) to be deposed. WSP believes that it should have have a complete copy of TTSP's project file and a reasonable opportunity to review same prior to conducting the depositions of TTSP's representative(s).

### IRON MOUNTAIN DISCLOSURE STATUS

To date, Iron Mountain has produced 333,014 pages of material, with 18,701 pages of material having been disclosed on Friday March 15, 2024. An initial review of this most recent

---

[1] TTSP also seeks to produce its witnesses during the same limited window.

39840113.v1

March 18, 2024
Page 3

material suggests that much, if not all, of the new disclosure was responsive to WSP's initial Requests for Production. Further, this production includes email correspondence to/from individuals who have already been deposed in the case, including plaintiff representatives, Damir Strahinjic, Paul Hazell, Alex Sharp and Vince Coyle.

As pointed out in my February 22nd letter to the Court, WSP has produced about twice the volume of email as the plaintiff in this matter (*see* ECF Doc. No. 107). The production disparity includes the production of emails that would be expected to be in both Iron Mountain and WSP's production. Some examples include, Iron Mountain has produced approximately 1,081 emails from either a "wsp" or "kwmce" email address to an "ironmountain" email address, while WSP has produced approximately 2,242 such emails. Iron Mountain has produced approximately 542 emails from either a "wsp" or "kwmce" email address which were copied to an "ironmountain" email address, while WSP has produced approximately 1,105 of such emails.

WSP and Iron Mountain have exchanged a number of emails regarding the disparity and have also engaged in several calls regarding same. Despite WSP's efforts to identify the cause(s) of the disparity, WSP has been unable to identify the cause(s) for the discrepancy, aside from Iron Mountain either not collecting, or not producing, project related email which it collected.

As with TTSP and AECOM, WSP asked Iron Mountain whether, at this point, it had produced its complete project file. Iron Mountain has advised that it has produced all documents that it intends to produce in response to WSP's initial Requests for Production[2].

Particularly in light of Iron Mountain's broad liability claims, coupled with its position that it need not disclose the details of same until after the conclusion of fact discovery, in the expert discovery phase, Iron Mountain should be required to disclose its complete project file and WSP should have a reasonable opportunity to review same in advance of the conclusion of depositions.

Respectfully submitted,

*/s/ Matthew D. Gumaer*

Matthew D. Gumaer

*cc via* ECF:  All counsel of record

---

[2] WSP served a second set of Requests for Production on March 11, 2024 targeted at breaking out WSP's earlier request for project related correspondence into individual party requests in an effort to overcome any objection that requesting all project related correspondence in Iron Mountain's possession is overly broad, coupled with requests arising from the initial plaintiff representative's initial depositions.

39840113.v1