

Matthew D. Gumaer  |  Partner
Direct 315.413.5435  |  mgumaer@goldbergsegalla.com

April 3, 2024

**VIA CM/ECF**
Hon. Jennifer E. Willis
United States District Court
Southern District of New York
40 Foley Square, Room 425
New York, New York 10007

      **Re:**    **Case No. 1:23-cv-02858-LG**

Dear Judge Willis:

      We represent Defendant/Third-Party Plaintiff WSP USA Buildings, Inc. f/k/a kW Mission Critical Engineering, DPC ("WSP") and, pursuant to your honor's Individual Practices in Civil Cases, II(A), we write in response to Plaintiff Iron Mountain (Nederland) Data Centre Germany B.V.'s ("Iron Mountain") letter regarding its proposed motion seeking an order compelling WSP to produce David Gooderham for a deposition (*see* ECF Doc. No. 119). Judge Schofield previously denied Iron Mountain's request for an order compelling Mr. Gooderham to appear for a deposition "without prejudice to renewal after its review" of the material to be produced related to the project in Mr. Gooderham's possession (*see* ECF Doc. No. 108).

      Pursuant to the Judge Schofield's direction, WSP gathered and produced those project related documents and email in Mr. Gooderham's custody, without regard to whether that same material had previously been produced by one or more parties ("Gooderham Documents"). In fact, all of the "new" documents plaintiff references in support of its renewed efforts to depose Mr. Gooderham were previously disclosed by either WSP, Iron Mountain, or both. For the reasons discussed below, whether considering the Gooderham Documents or, the depositions of former and current WSP employees and principals taken since February, there has been nothing revealed in discovery that suggests that Mr. Gooderham is a "managing agent" of kW Mission Critical Engineering as alleged by Iron Mountain or that he is of higher authority than kW principals already deposed.

      It is undisputed that Mr. Gooderham is not employed by either kW Mission Critical Engineering or WSP USA Buildings, Inc. Moreover, plaintiff alleges that Mr. Gooderham's project involvement began in November of 2021 and continued through May of 2022, long after kW allegedly belatedly tendered its final design documents. Nonetheless plaintiff seeks Mr. Gooderham's deposition as a "managing agent" of kW. Plaintiff cites the legal test set forth in *United States v. Afram Lines (USA), Ltd.,* 159 F.R.D. 408 (S.D.N.Y. 1994), with which WSP agrees. However, plaintiff's request to depose that Mr. Gooderham fails for several reasons, including the following: 1) there is no proof that Mr. Gooderham is vested with general powers to exercise judgment and discretion and corporate matters for either kW or WSP USA Buildings, Inc.; 2) several witnesses of higher authority, namely kW principals, have been previously been

**Please send mail to our scanning center at:**

**OFFICE LOCATION** 5786 Widewaters Parkway, Syracuse, NY 13214-1840  |  **PHONE** 315-413-5400  |  **FAX** 315-413-5401  |  **www.goldbergsegalla.com**
CALIFORNIA  |  CONNECTICUT  |  FLORIDA  |  ILLINOIS  |  NEW JERSEY  |  NEW YORK  |  NORTH CAROLINA  |  MARYLAND  |  MISSOURI  |  PENNSYLVANIA
40052899.v1

April 3, 2024
Page 2

deposed; and; 3) there is no indication that Mr. Gooderham's general responsibilities relate to kW's contractual work for Iron Mountain.

### EMAILS REFERENCED BY PLAINTIFF IN SUPPORT OF ITS PROPOSITION THAT THE "NEW" GOODERHAM DOCUMENTS DEMONSTRATE HIS STATUS AS "MANAGING AGENT" FOR KW

Plaintiff argues that "[t]he produced Gooderham documents show that he is a 'managing agent' of kW for purposes of this litigation, and thus he must be produced for deposition…." (*see* ECF Doc. No. 119 at p. 2).

While plaintiff references a number of pages of email productions bearing WSP bates numbers, plaintiff does not provide, nor quote any specific language from, the emails. While plaintiff characterizes certain of the referenced emails as containing "directions" and "instructions" from Mr. Gooderham to various kW employees to perform certain tasks, WSP believes that the actual emails, which do not use those terms, do not reflect the authority suggested by Iron Mountain[1].

Moreover, plaintiff's efforts to characterize the emails received as part of the Gooderham Documents as new material which warrants reconsideration of the Judge Schofield's earlier denial of plaintiff's application to depose Mr. Gooderham is misplaced because none of the material referenced by plaintiff is new. Below is a brief discussion of the documents referenced by plaintiff in its renewed application:

- **WSP.0127035**- This is part of a three page email string produced by WSP before its production of the Gooderham Documents where Tom Smith, Global Director, Property and Buildings, of WSP Global Inc. was writing to kW employees and principals, Kevin O'Brien, Robert King and James Warren about project issues and suggesting Mr. Smith could ask David Gooderham to become involved if the individuals at kW thought it would be a good idea. There is nothing suggesting that Mr. Gooderham was being granted any particular authority over kW on the project;

- **WSP.0286131**- This email string is between Mr. Gooderham and Tom Smith of WSP of WSP Global Inc. on the one hand and Paul Hazell and Anastasios Christoforou of Iron Mountain on the other and was previously disclosed by Iron Mountain itself at Iron_Mountain_00008868;

---

[1] To the extent Iron Mountain did not include portions of the text from emails due to the confidentiality designation for the documents, WSP would not oppose any request for removal of the confidential designation of the emails referenced or any deposition testimony concerning Mr. Gooderham's project involvement so that the Court may have the benefit of review of the source material, rather than either party's attorney's characterization of same.

40052899.v1

April 3, 2024
Page 3

- **WSP.0286125**- this email string was previously produced by WSP at WSP.0123290 and WSP disagrees with Iron Mountain's characterization of same;

- **WSP.0286109**- This email string was previously produced by WSP at WSP.0123262 and offers no insight into the extent of Mr. Gooderham's authority, or lack thereof concerning the business affairs of kW;

- **WSP.0287357**- This email from Mr. Gooderham to Iron Mountain representatives, copied to kW employees, has previously been produced by both Iron Mountain at Iron_Mountain_00360378 and by WSP as a part of an email string at WSP.0213884;

- **WSP.0287330** and **WSP.0289547**- These emails were previously disclosed multiple times by both Iron Mountain and WSP (see e.g. Iron_Mountain_00140995 and WSP.0000935 as well as Iron_Mountain_00020725);

- **WSP.0000813-814**- This email was part of WSP's earliest productions and WSP disagrees with Iron Mountain's characterization of the substance of same;

- **WSP.0287895**- This email was previously produced at WSP.0171090 and WSP disagrees with Iron Mountain's characterization of the substance of same.

WSP continues to believe that, despite the production of the Gooderham Documents and depositions of former (Chris Guilmette and Robert King) and current (James Ball, James Warren, Robert Eichelman and Kevin O'Brien) kW employees and principals that: 1) there is no proof that Mr. Gooderham is vested with general powers to exercise judgment and discretion and corporate matters for either kW or WSP USA Buildings, Inc.; and, 2) there is no indication that Mr. Gooderham's general responsibilities relate to kW's contractual work for Iron Mountain. Moreover, plaintiff has now deposed a number of kW principals of higher authority than Mr. Gooderham. There is no new evidence to warrant reversal of Judge Schofield's earlier denial of Iron Mountain's application seeking the deposition of David Gooderham.

Respectfully submitted,

*/s/ Matthew D. Gumaer*

Matthew D. Gumaer

*cc via* ECF:  All counsel of record

40052899.v1