**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------------X
IRON MOUNTAIN (NEDERLAND) DATA
CENTRE GERMANY B.V.,

                        Plaintiff,                   **ORDER**

                -against-                  **23-CV-2858 (LGS)(JW)**

WSP USA BUILDINGS, INC.,

                        Defendant.
------------------------------------------------------------------X

**JENNIFER E. WILLIS, United States Magistrate Judge:**

In late March, Judge Schofield referred all scheduling and discovery matters to this Court. Dkt. No. 118. In April, the Parties submitted several letters detailing their discovery disputes. See Dkt. Nos. 119, 121, 123–124. On May 1st, the Parties submitted a joint letter explaining that they were prepared to propose a new schedule to complete discovery upon resolving these disputes. Dkt. No. 127.

There are two key issues. The first is whether Mr. Gooderham, an employee not of Defendant WSP USA Building, Inc. but rather of a related corporation, WSP Global, Inc., is a "managing agent" that can be noticed for a deposition pursuant to Rule 30(b)(1). The second is whether Plaintiff Iron Mountain and Third-Party Defendant AECOM must produce their entire "Project Files" of all emails and documents related to the construction of the data center at the core of the dispute.

On the first issue, the Parties agree that Mr. Gooderham may be noticed for a deposition under Rule 30(b)(1) if he is a "managing agent" under the *Afram*

test. See United States v. Afram Lines (USA), Ltd., 159 F.R.D. 408 (S.D.N.Y. 1994). During the conference, the Parties repeatedly referenced documents and deposition testimony. While the Parties' letters also referenced these exhibits, they were not provided to the Court. As those exhibits are relevant to whether Mr. Gooderham is a "managing agent," the Parties shall submit those exhibits along with letters (of no more than three pages) explaining the relevance of the documents and deposition transcripts. The Parties' submissions are due by **5 pm** on **May 22nd**.

On the second issue, the Court finds that Defendant's request for the entire "Project File" is overbroad, and the expense of such discovery would be disproportionate to the needs of the case. See generally Fed. R. Civ. P. 26; JoySuds, LLC v. N.V. Labs, Inc., No. 22-CV-3781(DEH)(OTW), 2024 WL 1929171 (S.D.N.Y. May 1, 2024). The potential relevance of documents to possible defenses not yet articulated by Defendant is speculative at this time. See generally McAuley v. Honey Pot Co., LLC, No. 23-CV-1986 (AT) (JW), 2023 WL 7280719 (S.D.N.Y. Nov. 3, 2023).

However, Defendant issued a more limited, alternative request that Iron Mountain and AECOM, "identify information regarding the document custodians and search terms they used to capture potentially responsive material." Dkt. No. 122. This more limited request is GRANTED.

By **May 22nd**, the Parties shall provide the Court with a joint letter proposing a timeline for identifying: **(1)** the document custodians from which

2

project records were collected, **(2)** the time period for the collection, **(3)** the search terms used to identify potentially relevant material, **(4)** the volume of potentially responsive material collected, **(5)** the search terms used to cull the collected material, and **(6)** any other criteria used to eliminate collected documents and communications from the document sets ultimately produced. The proposed timeline should also include a period for the Parties to review the production and raise any relevant concerns with the Court.

Next, Defendant raised a valid concern that unless Iron Mountain supplements its "interrogatory responses and Rule 26 disclosures to provide sufficient detail to identify which portions of the project's design and construction are in issue in the case," Defendant will be unable to "determine whether all the material relevant to those claims has been produced." Dkt. No. 122. But Iron Mountain objected that providing such information would effectively give Defendant undue insight into Iron Mountain's expert witness strategy. In the Court's view, granting this request would permit Defendant to gain access to information that is more properly within the purview of expert discovery. For this reason, this aspect of the alternative request is DENIED but without prejudice to refile.

After expert discovery is closed, the Court will permit Defendant to seek leave to reopen fact discovery for the limited purpose of pursuing discovery related to any newly articulated claims. This will allow the Parties to avoid the costs of such discovery unless and until it becomes strictly necessary.

Finally, by **May 22ⁿᵈ**, the Parties should confer and propose an updated case management plan with new dates for completing fact and expert discovery.

SO ORDERED.

DATED:   New York, New York
         May 16, 2024

*Jennifer E. Willis*
_____
JENNIFER E. WILLIS
United States Magistrate Judge