**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------------X
IRON MOUNTAIN (NEDERLAND) DATA
CENTRE GERMANY B.V.,

                              Plaintiff,                          **ORDER**

                          -against-                         **23-CV-2858 (LGS)(JW)**

WSP USA BUILDINGS, INC.,

                             Defendant.
------------------------------------------------------------------X

**JENNIFER E. WILLIS, United States Magistrate Judge:**

In late March, Judge Schofield referred all scheduling and discovery matters to this Court. Dkt. No. 118. The Court held a conference on May 15th. Dkt. No. 129. Following the conference, the Parties were directed to submit documents relevant to the question of whether Mr. Gooderham is a "managing agent". Dkt. No. 128. The Court also ordered the Parties to "confer and propose an updated case management plan with new dates for completing fact and expert discovery." Dkt. No. 128. The Parties timely submitted the documents, proposed a new schedule, and detailed several proposals for expert-related deadlines. Dkt. Nos. 130–133.

The first issue is whether Mr. Gooderham, an employee not of Defendant WSP USA Building, Inc. ("WSP") but rather of the parent corporation, WSP Global, Inc., is a "managing agent" that can be noticed for a deposition. As discussed in the Court's previous Order, the Parties agree that Mr. Gooderham may be noticed under Rule 30(b)(1) only if he is a *managing agent* under the *Afram* test. See generally United States v. Afram Lines (USA), Ltd., 159 F.R.D. 408 (S.D.N.Y. 1994).

The *Afram* test to determine whether an individual is a "managing agent" is a "fact-sensitive" and "functional" test that is "answered pragmatically on an ad hoc basis." Afram, 159 F.R.D. at 413 (citing 8 C. Wright & A. Miller, *Federal Practice and Procedure* § 2103, at 376 (1970)). The examining party has the "burden of providing enough evidence to show that there is at least a close question whether the proposed deponent is a managing agent." See Afram, 159 F.R.D. at 416.

Courts have generally considered five factors: 1) whether the individual is invested with general powers allowing him to exercise judgment and discretion in corporate matters; 2) whether the individual can be relied upon to give testimony, at his employer's request, in response to the demands of the examining party; 3) whether any person or persons are employed by the corporate employer in positions of higher authority than the individual designated in the area regarding which the information is sought by the examination; 4) the general responsibilities of the individual respecting the matters involved in the litigation; and 5) whether the individual can be expected to identify with the interests of the corporation. See generally Cambridge Cap. LLC v. Ruby Has LLC, No. 20-CV-11118 (LJL), 2022 WL 889143 (S.D.N.Y. Mar. 24, 2022)(citing Afram, 159 F.R.D. 408).

Applying these factors, on balance, Mr. Gooderham is a "managing agent". First, Mr. Gooderham has sufficient general discretion in corporate matters. Both the deposition testimony and email excerpts demonstrate that he had discretion to "thoroughly investigate" problems and "emphatically close out" design issues. Dkt. No. 132 at 2; Exhibit 1–3. Such responsibilities inherently involve general discretion.

Second, at the conference, WSP represented that Mr. Gooderham is employed by WSP Global. In its corporate disclosure statement, Defendant WSP USA Buildings, Inc. made clear that it "is a subsidiary of WSP Global, Inc." Dkt. No. 35-2 at 1. As an employee of the parent company of WSP, Mr. Gooderham can be expected to "to give testimony, at his employer's request..." Dkt. No. 132 at 1. Thus this factor is also satisfied.

Third, WSP identified deposition testimony that asserted other individuals were of higher authority than Gooderham. Dkt. No. 131 at 3. Iron Mountain has not contradicted these assertions. Thus, this factor militates against finding Mr. Gooderham to be a managing agent.

Fourth, Mr. Gooderham not only had general discretion but discretion specifically over matters at the crux of this litigation. Mr. Gooderham "coordinated and circulated to kW, AECOM, and Iron Mountain a "Design Issues Tracker" that included timelines and agreed actions". Dkt. No. 132 at 3; Exhibit 6. He also proposed holding a "Senior level engineering workshop" in January to address the "most pressing points" needing "immediate resolution". Thus, this factor also indicates Mr. Gooderham is a managing agent.

Fifth, for the same reasons as the second factor, the fifth factor is also satisfied. Mr. Gooderham is an employee of the parent company. Thus, he "can be expected to identify with the interests of the corporation." See Cambridge Cap., 2022 WL 889143 at *1 (citing Afram, 159 F.R.D. 408).

Therefore, Mr. Gooderham is a "managing agent" that can be noticed for a deposition pursuant to Rule 30(b)(1).

Turning to the Parties' proposed expert deadlines, the Court agrees with Iron Mountain, WSP, and AECOM that expert deadlines should be set at this time. Next, the Court agrees with AECOM that AECOM and TTSP should have time to respond to WSP's report, as WSP's expert reports will clarify the third-party claims against AECOM and TTSP. Furthermore, the Court agrees with WSP that dates should be set for rebuttal expert reports as well.

Thus, the Court adopts the following schedule for expert deadlines:

- Iron Mountain's report is due **October 22, 2024**.
- WSP's Report is due **December 21, 2024.**
- AECOM and TTSP's Reports are due **February 19, 2025.**
- Rebuttal Reports are due no later than **March 21, 2025**.
- All expert discovery shall be completed no later than **March 28, 2025**.

Moreover, the Court adopts in full the Parties' agreed-upon deadlines in the jointly Proposed Case Management Plan. See Dkt. No. 133 at 2. These deadlines are reproduced below:

| Paragraph in Scheduling Order | Agreed Deadline |
|---|---|
| ¶ 8(a) – Fact Discovery | All fact discovery shall be completed no later than **October 8, 2024**. |
| ¶ 9(b) – Expert Discovery | Iron Mountain shall serve initial expert report no later than **October 22, 2024**. |
| 13(c) – Joint Status Letter | By **October 24, 2024**, the parties shall submit a joint status letter as outlined in Individual Rule IV.A.2. |
| ¶ 4(d) – Alternate Dispute Resolution | On or before a date 30 days following the close of expert discovery |
| ¶ 13(c) – Pre-motion Conference | At the Court's convenience, a pre-motion conference will be held for any anticipated dispositive motions. Additionally, TTSP and AECOM request a premotion conference on |

4

|  | anticipated jurisdictional motions following the conclusion of fact discovery. |
|---|---|

Finally, the Court endorses the Parties' agreement that "absent leave of the Court, the Parties may not serve new discovery requests." Dkt. No. 133 at 2.

**The Clerk of the Court is respectfully requested to close Dkt. No. 121.**

SO ORDERED.

DATED:   New York, New York
         May 30, 2024

_____
JENNIFER E. WILLIS
United States Magistrate Judge

5